IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CORNELIUS RENTERIA AGUIRRE,

      Petitioner,

v.                                          CIV 06-1062 WJ/KBM

ROBERT ULIBARRI, Warden,
and GARY K. KING,[1] Attorney General
of the State of New Mexico,

      Respondents.

# ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The Magistrate Judge filed her Proposed Findings and Recommended Disposition on Monday, May 7, 2007. *Doc. 11.* The matter is before me on the objections Petitioner mailed on June 1, 2007, which I will consider to be timely. *See Doc. 12* at 7.[2] I have reviewed the objections *de novo.*

---

[1] Gary King was sworn in as New Mexico's Attorney General on January 1, 2007, and the Magistrate Judge substituted him under FED. R. CIV. P. 25(d)(1). *See Doc. 11,* at 1, n.1.

[2] Objections to proposed findings are due within ten days of receipt, and that rule was prominently displayed on the last page of the proposed findings. *See* 28 U.S.C. § 363(b)(1); *Doc. 11* at 22. For prisoners, objections must be mailed to the Court following their relevant prison mailbox rules. *See Price v. Philpot,* 420 F.3d 1158, 1164-65 & n.4 (10th Cir. 2005) (citing *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989) (per curiam), *cert. denied,* 493 U.S. 1059 (1990)).

Petitioner is mistaken in his assertion that if a state court does not make findings, a federal habeas evidentiary hearing is necessarily required. *See, e.g., Anderson v. Attorney General of Kansas,* 425 F.3d 853, 858-59 (10th Cir. 2005) (even if evidentiary hearing restrictions in 28 U.S.C. § 2254(e)(2) are inapplicable, "an evidentiary hearing is unnecessary if the claim can be resolved on the record"); *Doc. 12* at 1. He also asserts that "*Strickland* held that the failure to investigate relevant facts is **always** ineffective assistance of counsel," *Doc. 12* at 2 (emphasis added), when *Strickland* specifically says the opposite. "[W]hen the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether." *Strickland v. Washington,* 466 U.S. 668, 691 (1984).

Aguirre again argues that his assaultive behavior (kidnapping, child abuse, and battery against a household member) was provoked and justified because his girlfriend allegedly was pregnant by another man. He simply fails to appreciate that this is not a defense to his crimes, as the Magistrate Judge noted. *See Doc. 18* at 14-15. He also believes that had a New Mexico jury known this, it would have understood his reaction and his attorney should have pursued the justification defense because "[j]ury nullification is a defense strategy that goes back to our

2

colonial times." *Doc. 12* at 3.  However, failure to raise a "nullification" defense is not ineffective assistance of counsel.  *Strickland* specifically notes that for the prejudice prong of the inquiry,

> [a]n assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, "nullification," and the like.  A defendant has no entitlement to the luck of a lawless decision maker, even if a lawless decision cannot be reviewed.

*Strickland,* 466 U.S. at 695.  A recent district court decision likewise observes:

> "[T]here is no constitutional right to jury nullification." *United States v. Powell,* 955 F.2d 1206, 1213 (9th Cir. 1992); *see also Crease v. McKune,* 189 F.3d 1188, 1193 (10th Cir. 1999) (noting no right to jury nullification in federal habeas corpus review of state conviction); *United States v. Thomas,* 116 F.3d 606, 615 (2nd Cir. 1997) ("[T]he power of juries to 'nullify' or exercise a power of lenity is just that–a power; it is by no means a right or something that a judge should encourage or permit if it is within his authority to prevent.").

*Osumi v. Giurbino,* 445 F. Supp. 2d 1152, 1165 (C.D. Cal. 2006).  Furthermore, New Mexico does not recognize a state-created right to jury nullification.  *E.g., State v. Clark,* 128 N.M. 119, 132, 990 P.2d 793, 806 (N.M. 1999) ("The trial court expressed its concern that testimony of religious leaders and lawyers regarding the propriety of the death penalty was not relevant mitigating evidence, and it may urge jury nullification of state law.  We agree.").

Petitioner's other objections do not warrant further discussion, and I find them also without merit.

Wherefore,

**IT IS HEREBY ORDERED THAT:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition *(Doc. 11)* is ADOPTED;

2. The § 2254 petition is dismissed on the merits **with prejudice;** and

3. A final order enter concurrently herewith.

_____
UNITED STATES DISTRICT JUDGE